Dr. C. S. Lumley Assistant Executive Secretary Colorado Racing Commission 220 State Office Building 201 East Colfax Denver, Colorado 80203
Dear Mr. Lumley:
QUESTION PRESENTED AND CONCLUSION
This is written in response to your request for my opinion as to whether the Racing Commission, through its statutory rule-making authority, could legalize and sanction off-track "satellite" betting parlors in this State which would be directly connected to parimutuel betting being conducted at licensed race tracks.
My conclusion is "no."
ANALYSIS
C.R.S. 1973, 18-10-101, relating to criminal gambling offenses in this State contains the broad legislative declaration of intent that:
 It is declared to be the policy of the general assembly, recognizing the close relationship between professional gambling and other organized crime, to restrain all persons from seeking profit from gambling activities in this state; to restrain all persons from patronizing such activities when conducted for the profit of any person; to safeguard the public against the evils induced by common gamblers and common gambling houses; and at the same time to preserve the freedom of the press and to avoid restricting participating by individuals in sport and social pastimes which are not for profit, do not affect the public, and do not breach the peace.
However, there are two areas where this general policy of prohibition against gambling for profit does not apply. C.R.S. 1973, 18-10-108 states that: "Nothing in this article shall be construed to modify, amend, or otherwise affect the validity of any provisions contained in articles 9 and 60 of title 12, C.R.S. 1973." Article 9 of title 12 permits certain religious and charitable organizations to obtain a license under specified conditions for conducting bingo games and raffles. Article 60 of title 12, Colorado's Racing Act, authorizes the Racing Commission to license, regulate and supervise race meets. C.R.S. 1973, 12-60-108(1) states that no person shall be eligible to operate a race meet "unless such person is the owner or controls the possession of a properly constructed racetrack suitable for the conduct of racing and improved with safe and suitable grandstands . . . and also such other improvements as . . . may be required for the protection of the public and others likelyto be present at such race meet . . . ." (Emphasis supplied.) This subsection further states that the Commission shall consider the relationship between "the location of the track and other structures and erections and theprobable capacity requirements to accommodate thecrowd and the number of people that will reasonably beexpected to occupy such grandstands and attend such racemeets . . . ." (Emphasis supplied.) Further, because of these enumerated considerations, "a license shall not be issued for the racing of animals other than horses within forty miles of any other racing operation licensed under this article for the racing of animals other than horses." This statutory language of the Racing Act, taken as a whole, evidences a legislative intent to limit racing activities, including wagering, to the premises of the racetrack itself.
In formulating my opinion I note that the Racing Commission is given rather broad rule-making authority in its enabling statute, C.R.S. 1973, 12-60-105(1) as follows:
 The Commission shall make reasonable rules and regulations for the control, supervision, identification, and direction of applicants and licensees, including regulations providing for the supervising, disciplining, suspending, fining, and barring from racing all persons required to be licensed by this article and for the holding, conducting, and operating of all races, race meets, and race tracks conducted pursuant to this article . . ."
However, this rule-making authority is limited by the provisions of C.R.S. 1973, 24-4-103(8)(a), as amended:
 No rule shall be issued except within the power delegated to the agency and as authorized by law. A rule shall not be deemed to be within the statutory authority and jurisdiction of any agency merely because such rule is not contrary to the specific provisions of a statute. Any rule or amendment to an existing rule issued by any agency, including state institutions of higher education administered pursuant to title 23, C.R.S. 1973, which conflicts with a statute shall be void. (Emphasis supplied.)
Viewed in this light is is my opinion that if the Racing Commission were to draft rules attempting to legitimatize off-track "satellite" betting parlors the rules would be invalid because they would conflict with statutory law; namely, article 10 of title 18, C.R.S. 1973, that portion of the Colorado Criminal Code relating to gambling. The purpose of this article is to prohibit gambling, the keeping at such place, and exhibition of gambling devices, and the betting of money or other property upon the results of any game. Everhart v.People, 54 Colo. 272, 130 P.2d 1076 (1913). Furthermore, C.R.S. 1973, 18-10-101(2) declares that this definitive statute should be liberally construed for the detection and punishment of offenders. Fischer v. People, 138 Colo. 559, 335 P.2d 871
(1959); Patterson v. People, 138 Colo. 368,333 P.2d 1047 (1959).
SUMMARY
I can find no authorization in the Racing Act for the conducting of parimutuel wagering off the actual premises of a racetrack conducting an authorized race meet. It is my opinion that if the Racing Commission were to attempt to authorize this practice through the adoption of rules, these rules would conflict with already existing statutes and therefore be invalid.
Very truly yours,
 J.D. MacFARLANE Attorney General
GAMBLING RULES AND REGULATIONS RACING, DOG RACING, HORSE
C.R.S. 1973, 18-10-101
C.R.S. 1973, 18-10-108
C.R.S. 1973, 12-60-108 C.R.S. 1973, 12-60-105 C.R.S. 1973, 12-60-103
REGULATORY AGENCIES, DEPT. Racing Events, Div. of
The Colorado Racing Commission cannot adopt rules which would legalize and sanction off-track "satellite" betting parlors in Colorado. Absent specific authorization in the laws governing racing, the general policy of prohibition against gambling for profit would not legalize this type of gambling. (Note: Senate Bill 187, signed by the Governor May 15, 1981, now legalizes off-track "satellite" betting in Colorado. The Colorado Racing Commission is given the authority to regulate and to pass rules concerning "satellite" betting.)